# IN THE COURT OF APPEALS OF IOWA

No. 19-1235
Filed July 1, 2020

**DONALD KING,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Lee (North) County, Mark E. Kruse,

Judge.


        Donald King appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**



        Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee State.



        Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

Donald King appeals the dismissal of his application for postconviction relief (PCR), challenging his 1991 conviction on one count of first-degree murder. *See generally State v. King*, 492 N.W.2d 211, 212 (Iowa Ct. App. 1992) (affirming King's conviction on direct appeal). King began this PCR action in 2018 based on the legislature's enactment of a "stand your ground" statute. *See* 2017 Iowa Acts ch. 69, § 37 (codified at Iowa Code § 704.1(3) (2018)). He alleges the statute qualifies as a new ground of law, providing an exception to the three-year statute of limitation on PCR actions set forth in Iowa Code section 822.3 (2018) (requiring applicants to file a PCR application within three years of the date procedendo is issued on direct appeal). The PCR court granted the State's motion for summary disposition of the application, noting various decisions of this court that hold the new law does not apply retroactively. *See, e.g.*, *Hines v. State*, No. 17-2080, 2019 WL 1056030, at *1 (Iowa Ct. App. Mar. 6, 2019).

On appeal, King concedes the district court was relying on precedent in dismissing his application but argues those cases were wrongly decided. But on the day the State moved for summary disposition, our supreme court decided *State v. Williams*, 929 N.W.2d 621, 637 (Iowa 2019), *reh'g denied* (July 15, 2019), holding Iowa Code section 704.1(3) does not apply retroactively. "We are not at liberty to overturn Iowa Supreme Court precedent." *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). Thus, we affirm.

**AFFIRMED.**